**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| William Joe Sturkey, | ) | Civil Action No. 2:19-3313-RMG |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| R.N. Pitman, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 72) recommending that Plaintiff's motion for a preliminary injunction (Dkt. No. 48) be denied. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and denies Plaintiff's motion.

I.    <u>Background</u>

Plaintiff filed this action *pro se* alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 12). Plaintiff is a pretrial detainee at Greenville County Detention Center ("GCDC") and he now moves for a preliminary injunction. (Dkt. No. 48). Plaintiff alleges that his "cardiologist prescribed a special non sodium diet 'kosher' as part of the Plaintiff's medical treatment and to prevent the sodium, fatty tissue and cholesterol that was causing plaque to build up in [Plaintiff's] arteries and high blood pressure." (*Id.* at 1). Plaintiff avers Defendants "informed me that regardless of what my doctor said, I could not have [the kosher diet] because it was a religious diet." (*Id.* at 6). Plaintiff avers Defendants' failure to provide a "non sodium diet . . . caused another heart attack." (*Id.*). Plaintiff seeks an injunction requiring that Defendants provide him with a "kosher diet."

On May 15, 2020, Defendants filed a response in opposition. (Dkt. No. 60). Defendants assert Plaintiff was "on the Heart Healthy diet, which is a low fat, low sodium diet designed for inmates with" health conditions such as Plaintiff's but that Plaintiff now receives, at his request, "a regular diet tray that is not a reduced sodium diet." (*Id.* at 2-3). Defendants also assert that Plaintiff has purchased "products known to be high in sodium, including sodas, a pickle, candy and pork rinds." (*Id.* at 2-3). Defendants also state that GCDC offers religious diets, but no "kosher diet." (*Id.* at 2).

On May 29, 2020 Plaintiff field a reply repeating his initial arguments. (Dkt. No. 71).

On June 1, 2020 the Magistrate Judge issued an R & R recommending that Plaintiff's motion be denied. (Dkt. No. 72). Plaintiff filed timely objections on June 22, 2020. (Dkt. No. 79). Plaintiff's objections, however, are non-specific in nature and raise no substantive argument.

## II.    Legal Standard

### A.    Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL

1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Plaintiff filed objections in this case, and the R & R is therefore reviewed *de novo*.

### B.    Preliminary Injunction

A party seeking a preliminary injunction must make a "clear showing" that (1) he is likely to succeed on the merits, (2) he is likely to suffer imminent and irreparable harm absent preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013). This showing is required because such interim relief is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

### III.    Discussion

As the Magistrate Judge correctly concluded, Plaintiff's motion should be denied. Under the *Winter* framework, Plaintiff has not made a clear showing that he is likely to succeed on the merits. Plaintiff makes no specific factual allegations that he is currently threatened with imminent injury or loss or damage or that the balance of equities is tipped in his favor. Lastly, Plaintiff has not shown that a preliminary injunction is in the public interest. And as noted above, Plaintiff's objections to the R & R are non-specific in nature and raise no substantive argument. They are therefore overruled.

### IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the Order of the Court (Dkt. No. 72) and **DENIES** Plaintiff's motion for a preliminary injunction (Dkt. No. 48).

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
United States District Court Judge

June 23, 2020
Charleston, South Carolina